GREGORY A. ROUGEAU (194437)
DIAMOND McCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Telephone: (415) 692-5200
Facsimile: (415) 263-9200
e-mail: grougeau@diamondmccarthy.com

Counsel for Debtor-in-Possession
SABERCAT NEIGHBORHOOD CENTER, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>SABERCAT NEIGHBORHOOD CENTER, LLC,<br><br>Debtor. | Case No. 14-30972<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO SELL REAL PROPERTY ASSET OUT OF THE ORDINARY COURSE OF BUSINESS AND FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**<br><br>Date: September 26, 2014<br>Time: 9:30 a.m.<br>Place: Courtroom 22<br>      235 Pine Street<br>      San Francisco, CA 94104<br>Judge: Hon. Dennis Montali |

**AFFECTED LIENHOLDERS:**

**East West Bank
c/o Sara Chenetz
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067**

MOTION TO SELL REAL PROPERTY ASSET OUT OF THE ORDINARY COURSE OF BUSINESS

**TO:   THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:**

SABERCAT NEIGHBORHOOD CENTER, LLC (the "Debtor"), the debtor and debtor in, the debtor in possession in the above-captioned Chapter 11 case (the "Debtor"), hereby respectfully moves for entry of an order approving the sale of all of the real property assets of the Debtor in this case. Specifically, the Debtor seeks entry of an order (the "Order") pursuant to sections 105(a) and 363 of title 11, United States Code (the "Bankruptcy Code") approving the sale of the Debtor's sole asset, real property commonly known as 2501 Cormack Rd., Fremont, California (the "Property"), to Tree Lined Properties, LLC, or its assignee (the "Purchaser"), for a purchase price of $9,500,000, in cash. The sale proceeds shall extinguish the sole encumbrance on the Property, a lien retained by East West Bank (the "Bank"). For the reasons set forth below, good cause exists for the relief requested in this Motion, as the sale will enable the Debtor to pay all creditors, including the Bank, in full. The sale is manifestly in the best interests of the estate and its creditors.

## **NOTICE**

Notice of this Motion, in the form attached hereto as Exhibit "A," has been served upon all creditors of the Debtor and any potential purchasers of the assets in accordance with the Order Shortening Time, And Limiting Notice, Re Motion To Sell Rea Property Asset Free And Clear Of Liens, Claims And Encumbrances entered by this Court. The full copy of the Motion and supporting pleadings, has been served upon (a) the Office of the United States Trustee; (b) all creditors with liens upon the real property (identified above as affected lienholders); and (c) those parties who have requested special notice pursuant to Federal Rule of Bankruptcy Procedure 2002 (collectively, the "Sale Notice Parties"). The Debtors respectfully submit that such notice comports with Rules 2002(c)(1) and 6004(a) of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rules 6004-1 and 9014-1.

1
MOTION TO SELL REAL PROPERTY ASSET OUT OF THE ORDINARY COURSE OF BUSINESS

Case: 14-30972    Doc# 24    Filed: 09/17/14    Entered: 09/17/14 17:07:45    Page 2 of 9

# BACKGROUND AND BASIS FOR RELIEF

## I. GENERAL BACKGROUND.

The Debtor was formed on August 21, 2012, by Hai Fu Lo and Mei Chu Huang, a married couple, for the purposes of owning and developing 12.2 acres of raw land in Fremont, California, commonly known as 2501 Cormack Rd., Fremont, California (the 'Property").

The Property was transferred to the Debtor by the Debtor's LLC members via quitclaim deed on or about August 24, 2012. It is fully entitled for the development of condominiums.

This Chapter 11 case was precipitated by the threatened foreclosure of the Debtor's real property, by East West Bank (the "Bank"), the Debtor's sole secured lender. The threatened foreclosure of the property was preceded by the Debtor's inability to make a balloon payment to the Bank on January 15, 2014, the extended Maturity Date of a May 7, 2008 Promissory Note originally entered into by and between the Debtor's LLC members, in the original principal amount of the Promissory Note was $4,950,000.

With the exception of $40,981.18 retained in the Debtor's DIP account, the Property is the Debtor's sole asset.

Apart from the debt owed to East West Bank, there are only three unsecured creditors, owed $290,000.

## II. PROPOSED SALE OF PROPERTY TO TREE LINED PROPERTIES, LLC.

### A. Summary Of Sale Terms.

The Purchase Agreement for the proposed sale is attached to the Declaration of Victor Lo (the "Lo Declaration") as Exhibit "A."

Simply put, the Purchaser seeks to purchase the Property for a purchase price of $9,500,000, in cash upon closing. As set forth in the Lo Declaration, the Purchaser has already opened escrow for the purchase, and has made deposits totaling $2,000,000 toward the purchase price, and has completed due diligence. As part of the Purchase Agreement, the parties have agreed that the Debtor shall request a waiver of the requirement of Federal Rule of Bankruptcy Procedure 6004(h) that a sale of estate property be stayed until the expiration of 14 days after entry of the Order; such a waiver is hereby requested.

There are only two conditions to the closing at this point. First, the sale is obviously conditioned on the Court's approval of the transaction. Second, the closing is conditioned upon the concurrent and separate transfer to the Purchaser, for $250,000, of all the membership interests in Golden State Regional Center, LLC ("RC"), by that LLC's members, Victor Lo, William Yen, and Galen Ma. RC has been designated as "Regional Center" in connection with the EB-5 Program, which enables foreign nationals to qualify for a United States EB-5 Visa for lawful permanent residence status by meeting certain prescribed requirements. Victor Lo is the son of the Debtor's two members, and is the Responsible Person in this Chapter 11 case. The three members of RC and the Purchaser have separately signed a sale agreement for the RC LLC interests, and the Purchaser is prepared to close that sale as well.

As set forth above, upon closing, and from escrow, East West Bank will be paid in full, along with applicable United States Trustee fees. The Debtor intends to move to dismiss the case, and, as part of its dismissal motion, pay its three remaining unsecured creditors.

Throughout this case, East West Bank, through its counsel, has cooperated with the Debtor, and the Debtor believes that the bank supports the relief sought in the Motion. Given that the sale will enable the Debtor to pay all creditors in full, the relief requested in this Application simply makes sense. This Application should be granted.

### B. Description Of Assets.

As set forth above, the Debtor's sole asset (apart from the funds in its account) is the Property. The Property consists of approximately 12.2 acres of raw land in Fremont, California, commonly known as 2501 Cormack Rd., Fremont, California (the 'Property"), and is fully entitled for the development of condominiums.

## III. DISPOSITION OF SALE PROCEEDS.

As set forth *supra*, the proceeds of the sale will be distributed immediately upon closing, first, to the Bank, on account of its first priority deed of trust on the Property, and, second, to the United States Trustee, for quarterly fees related to the sale. In the event that the sale, for some reason, is not consummated, then the Purchaser's escrowed, nonrefundable deposit shall be paid to the Bank, on account of its asserted lien on the Property.

3
MOTION TO SELL REAL PROPERTY ASSET OUT OF THE ORDINARY COURSE OF BUSINESS
Case: 14-30972    Doc# 24    Filed: 09/17/14    Entered: 09/17/14 17:07:45    Page 4 of 9

# LEGAL ARGUMENT

The Debtor respectfully submits that this Court should approve the proposed sale to the Purchaser free and clear of the Bank's lien, pursuant to 11 U.S.C. § 363. The proposed sale will enable the Debtor to pay all creditors, in full.

Section 363 of the Bankruptcy Code states that a trustee (or debtor in possession) may "use, sell, or lease" property outside the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b)(1). Debtors who wish to utilize Section 363(b) to dispose of property of the estate must demonstrate that such disposition has a valid business justification. *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983). They must also demonstrate that the sale is proposed in good faith. *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). Both those requirements are amply satisfied here.

With regard to the former requirement, the proposed sale obviously has business justification: the sale price will enable the Debtor to pay all creditors in full, all United States Trustee fees associated with distributions from the sale, and will provide a return to the Debtor's members, who signed the PSA. The Purchaser has provided proof of funds, has deposited $2,000,000 into escrow, and has completed due diligence. The business justification for the sale can hardly be questioned under the circumstances. With respect to the latter requirement, as set forth in the Lo Declaration, the Purchaser has no connection at all with the Debtor, and the proposed sale is an arms' length transaction. Simply put, the sale to the Purchaser makes business sense, is proposed in good faith, and is in the best interests of the Debtor's estate.

Not only should the sale occur, it should occur free and clear of the Bank's lien. The Bankruptcy Code is clear that property may be sold under Section 363, free and clear of liens, if: (a) the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (b) the lien is in bona fide dispute; (c) the lienholder consents thereto; or (d) the lienholder can be compelled to accept a money satisfaction for its lien. 11 U.S.C. § 363(f). The sale price exceeds all liens on the Property, the Debtor believes that the Bank consents to the sale, and, in any event, the Bank may be compelled to accept payment for its lien. The proposed transaction satisfies the elements of 11 U.S.C. § 363(f).

The Debtor respectfully requests that the Court approve the sale of the Property to the Purchaser, free and clear of liens, claims and encumbrances. Such sale, in the business judgment of the Debtor, is manifestly in the best interests of the estate. This Motion should be granted.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court:

1. Grant this Motion;

2. Enter an Order authorizing and approving the Debtor to sell its real property to Tree Lined Properties or its assignee, pursuant to the Purchase Agreement entered into by the parties, and waiving the requirement of Federal Rule of Bankruptcy Procedure 6004(h) that a sale of estate property be stayed until the expiration of 14 days after entry of the Order; and

3. Grant such other and further relief that the Court deems just and proper.

Dated: September 17, 2014                           DIAMOND McCARTHY LLP

                                                    By: /s/ *Gregory A. Rougeau*
                                                        GREGORY A. ROUGEAU
                                                        Attorneys for Debtor
                                                        SABERCAT NEIGHBORHOOD CENTER, LLC

**EXHIBIT A**

```
1   GREGORY A. ROUGEAU (194437)
    DIAMOND McCARTHY LLP
2   150 California Street, Suite 2200
    San Francisco, CA  94111
3   Telephone: (415) 692-5200
    Facsimile: (415) 263-9200
4   e-mail:   grougeau@diamondmccarthy.com

5   Counsel for Debtor-in-Possession
    SABERCAT NEIGHBORHOOD CENTER, LLC
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>SABERCAT NEIGHBORHOOD CENTER, LLC,<br><br>          Debtor. | Case No. 14-30972<br><br>Chapter 11<br><br>**NOTICE OF HEARING ON DEBTOR'S MOTION TO SELL REAL PROPERTY ASSET OUT OF THE ORDINARY COURSE OF BUSINESS AND FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**<br><br>Date:  September 26, 2014<br>Time:  9:30 a.m.<br>Place:  Courtroom 22<br>          235 Pine Street<br>          San Francisco, CA 94104<br>Judge:  Hon. Dennis Montali |

**AFFECTED LIENHOLDERS:**

**East West Bank**
**c/o Sara Chenetz**
**PERKINS COIE LLP**
**1888 Century Park East, Suite 1700**
**Los Angeles, CA 90067**

NOTICE OF MOTION TO SELL REAL PROPERTY ASSET OUT OF THE ORDINARY COURSE OF BUSINESS

| | |
|---|---|
| 1 | **TO:    ALL CREDITORS AND PARTIES IN INTEREST OF SABERCAT NEIGHBORHOOD CENTER, LLC:** |
| 2 | |
| 3 | **PLEASE TAKE NOTICE** that on **September 26, 2014, at 9:30 a.m.**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of California (San Francisco Division), located at 235 Pine St., Courtroom 22, San Francisco, California, a hearing shall be conducted on the Motion To Sell Real Property Asset Out Of The Ordinary Course Of Business And Free And Clear Of Liens, Claims And Encumbrances (the "Motion") of SABERCAT NEIGHBORHOOD CENTER, LLC (the "Debtor"), the debtor in possession in the above-captioned Chapter 11 case, for entry of an Order authorizing and approving the Debtor's sale of all of its real property asset. |

Specifically, the Debtor seeks entry of an order (the "Order") pursuant to sections 105(a) and 363 of title 11, United States Code (the "Bankruptcy Code") approving the sale of the Debtor's sole asset, real property commonly known as 2501 Cormack Rd., Fremont, California (the "Property"), to Tree Lined Properties, LLC, or its assignee (the "Purchaser"), for a purchase price of $9,500,000, in cash. The sale proceeds shall extinguish the sole encumbrance on the Property, a lien retained by East West Bank (the "Bank"). Good cause exists for the relief requested in this Motion, as the sale will enable the Debtor to pay not only the Bank, but all creditors in full.

The Debtor's Motion is based on this Notice, the Motion itself, and the supporting Declaration of Victor Lo (the "Lo Declaration"). Attached as Exhibit "A" to the Lo Declaration is a copy of the "Agreement for the Purchase and Sale of Real Property and Escrow Instructions" (the "Purchase Agreement") entered into by the parties.

The hearing on the Motion is being conducted on shortened notice by order of the Bankruptcy Court. Any party which objects to the relief requested in the Motion may file a written opposition in advance of the hearing, or may assert such opposition, orally, at the hearing on the Motion. Copies of the entire Motion and all supporting pleadings may be obtained from the Debtors' counsel, Gregory A. Rougeau, DIAMOND McCARTHY LLP, 150 California Street, Suite 2200, San Francisco, CA 94111; telephone (415) 692-5200; facsimile (415) 263-9200; e-mail grougeau@diamondmccarthy.com.

Dated: September 17, 2014                    DIAMOND McCARTHY LLP


By:  /s/ *Gregory A. Rougeau*
     GREGORY A. ROUGEAU
     Attorneys for Debtor
     SABERCAT NEIGHBORHOOD CENTER, LLC